

Order Filed on
**12/20/2010**
by Clerk U.S. Bankruptcy
Court District of New Jersey

| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br> Stern, Lavinthal, Frankenberg & Norgaard, LLC<br>184 Grand Avenue<br>Englewood, New Jersey 07631<br>Telephone Number (201) 871-1333<br>Telecopier Number (201) 871-3161<br>Attorneys for Secured Creditor,<br>**BAC HOME LOANS SERVICING, LP, FKA**<br>**COUNTRYWIDE HOME LOANS SERVICING, LP**<br>By:     Gary K. Norgaard, Esq., (GN 9243) |

| | |
|---|---|
| In Re:<br><br>**DEBORAH LORRAINE GIBSON** | Case No.: 08-11864(GMB)<br><br>Hearing Date: December 6, 2010<br><br>Judge: Gloria M. Burns, U.S.B.J. |

| Recommended Local Form     □ Followed     □ Modified |
|---|

### ORDER RESOLVING MOTION TO VACATE STAY
### WITH CONDITIONS

   The relief set forth on the following pages, numbered two (2) through _____ is hereby **ORDERED**.

**DATED: 12/20/2010**

_____
Honorable Gloria M Burns
United States Bankruptcy Court Judge

Case 08-11864-GMB    Doc 44    Filed 12/20/10    Entered 12/20/10 09:26:37    Desc Main
                              Document      Page 2 of 3

(Page 2)
Debtor: **DEBORAH LORRAINE GIBSON**
Case No.: **08-11864(GMB)**
Caption of Order: **Order Resolving Motion to Vacate Stay**
Property Involved ("Collateral"): **121 LINCOLN DRIVE, LAUREL SPRINGS, NJ**

THIS MATTER having come to the attention of the Court on the Motion of **BAC HOME LOANS SERVICING, LP, FKA COUNTRYWIDE HOME LOANS SERVICING, LP,** its successors and assigns, (hereinafter collectively, "Secured Creditor" and/or "Movant") for an Order granting relief from the Automatic Stay due to the debtor's failure to make post-petition mortgage payments outside the Chapter 13 Plan, and for good cause shown;

ORDERED that Secured Creditor's Motion for Relief from the Automatic Stay shall be and is hereby conditionally denied without prejudice subject to the conditions set forth herein; and it is

FURTHER ORDERED that the debtors' post-petition arrears total **$18,418.70** (April, 2010-November, 2010, 3x$2,083.60 + 5x$2,433.58), all of the post-petition arrears in the amount of **$18,418.70** will be added to the Statement of Arrears, previously filed by Secured Creditor, which will be paid through the Chapter 13 Plan; and it is

FURTHER ORDERED that commencing with the December, 2010 payment, the debtor shall be and is hereby required, as a condition of the continuation of the automatic stay, to pay the regular monthly payment on or before each date on which the debtor's regular monthly payment comes due; and it is

FURTHER ORDERED that the Debtor shall make their mortgage payments, outside the Chapter 13 Plan, beginning in December, 2010, direct to the Secured Creditor, **BAC Home Loans Servicing, LP, 7105 Corporate Drive, Plano, Texas 75024**. (Note: The amount of the monthly mortgage payment is subject to change according to the terms of the mortgage); and it is

FURTHER ORDERED that the debtor shall be and is hereby required to pay to Secured Creditor, through the Chapter 13 Plan, the amount of **$500.00** to offset the costs of bringing the within Motion, and the term of the plan shall be extended to provide therefore; and it is

*Approved by Judge Gloria M. Burns December 20, 2010*

FURTHER ORDERED that should the debtor fail to make any of the payments required by the confirmed plan, the Code, or this Order within 30 days of their due dates, or should the debtor fail to cure any other default of Secured Creditor's loan as provided in the loan documents (Note and Mortgage) including any further payments outside the plan within 30 days of such default, Secured Creditor shall, upon the filing of its attorneys' Certification of such failure or default and proposed form of Order, with copy to the debtor, the debtor's attorney, and to the Standing Trustee, obtain an Order pursuant to the Local Rule granting Secured Creditor relief from the Automatic Stay in its entirety, including, but not limited to, the right to proceed with and complete foreclosure proceedings against any and all property to which it has legal recourse, without naming the Trustee as a defendant in the foreclosure action.

**File No. 08A059**

*Approved by Judge Gloria M. Burns December 20, 2010*